IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

OCT 2 4 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| RODNEY JAROME BROADES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 99-302-RAW-KEW |
| JAMES RUDEK, Warden,[1] | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on June 23, 1999, and amended the petition on October 8, 1999. On May 4, 2000, the respondent's motion to dismiss the petition as time barred was granted, and the action was dismissed. The Tenth Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability, holding that "even if Mr. Broades' 'Motion for [Order] Nunc Pro Tunc" and/or second state post-conviction petition tolled the limitation period under 28 U.S.C. 2244(d)(2), he fails to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2)." *Broades v. Gibson*, No. 00-7062, slip op. at __, 2000 WL 1773237, at *1 (10th Cir. Dec. 4, 2000) (footnote omitted).

Since that time, petitioner has continued his attempts at habeas corpus relief. In 2007 the Tenth Circuit summarized petitioner's protracted litigation:

---

[1] Petitioner currently is incarcerated in the Oklahoma State Reformatory in Granite, Oklahoma, and James Rudek, the warden, is the proper respondent. *See See* Rule 2(a) of the Rules Governing Section 2254 Cases; *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973).

> This is the fourth petition Mr. Broades has brought before us attacking the district court's denial of habeas corpus some seven years ago. We cannot say emphatically enough: Mr. Broades' claims are without merit. They do not meet the standard for relief spelled out in Rule 60(b), they do not deserve COA, and as we have said twice previously, R. vol. 1, Doc. 49, App. 2; *Broades v. Poppell*, No. 02-7156. slip op. at 1-2 (10th Cir. Dec. 30, 2002), they do not qualify him to file a successive habeas petition. **Further litigation on these issues would constitute an egregious waste of taxpayer resources.**

*Broades v. Gibson*, No. 06-7120, slip op. at 6, 2007 WL 1492342, at *3 (May 23, 2007) (emphasis added).

Petitioner has returned to this court with another Rule 60(b) motion, after having his third state application for post-conviction relief denied. *See Broades v. State*, No. PC-2008-451 (Okla. Crim. App. Aug. 18, 2008). His recent state petition for a writ of habeas corpus also was denied. *In re Broades*, No. WH-2010-005 (Greer County Dist. Ct. Mar. 29, 2011). He is reasserting previous arguments in this pending Rule 60(b) motion and claiming his 50-year sentence was improperly enhanced, based on a 2009 Supreme Court case, *Cone v. Bell*, 556 U.S. 449 (2009).

After careful review the court finds petitioner is attempting to initiate another attack on his conviction, and this tactic does not raise a valid Rule 60(b) claim. Instead, he is raising a second or successive habeas claim. The Tenth Circuit has advised that in such instances, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so . . . or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). Because petitioner has been expressly admonished that his case has no merit, the court finds that only the second option is appropriate.

**ACCORDINGLY,** petitioner's motion for relief pursuant to Rule 60(b) [Docket #63]

is DENIED.

**IT IS SO ORDERED** this ___24th___ day of October 2011.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**